UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00583-DJH-CHL

**DAKOTA ENTERPRISES CO.,**                                               **Plaintiff,**

v.

**M-D BUILDING PRODUCTS, INC.,**                                  **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the "Unopposed Motion to Strike and Substitute" filed by Defendant M-D Building Products, Inc. ("Defendant"). (DN 45.) In the motion, Defendant requests that the Court remove from the record an exhibit to is reply in support of summary judgment (DN 44) and replace the exhibit with a redacted version tendered with the instant motion (DN 45-1). (*Id.* at PageID # 791.) In support of its request, Defendant states that the exhibit "contained an attorney client privileged email communication [DN 44-3] that was inadvertently disclosed." (*Id.*) Defendant represents that Plaintiff Dakota Enterprises Co. does not oppose the motion. (*Id.*)

While the relief Defendant seeks is clear from its motion, Defendant does not cite any authority as a basis for Court action. As a starting point, in this district, "[o]riginals of pleadings, motions and other papers filed with the Court must not be withdrawn from Court files, unless ordered by the Court." L.R. 79.1. Though Defendant has titled its motion as a "Motion to Strike and Substitute," neither the Court's Local Rules nor the Federal Rules of Civil Procedure contemplates striking a document from the record as Defendant requests. Under Rule 12(f) of the Federal Rules of Civil Procedure, a district "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 7(a) defines a pleading as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a

counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a)(1)–(7). "Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). Because the exhibit at issue is not a pleading, Rule 12(f) does not authorize the Court to strike the exhibit from the record.

Defendant's motion suggests that the exhibit at issue should be stricken from the record because it "contain[s] an attorney client privileged email communication . . . ." (DN 45, at PageID # 791.) Notwithstanding the fact that Defendant has made no showing that the communication is in fact privileged, the existence of a privilege only protects the holder from compelled disclosure; neither the statutes governing state lawyer-client privilege nor the Federal Rules require the Court to purge the record of communications that were voluntarily disclosed despite being privileged. *See generally* K.R.E. 503(b); Fed. R. Civ. P. 502. *See also Pinnacle Sur. Servs., Inc. v. Manion Stigger*, LLP, 370 F. Supp. 3d 745, 752 (W.D. Ky. 2019) (noting that Kentucky law has not "established a consequence—or even whether there is one—for inadvertent disclosure"); Fed. R. Civ. P. 5.2 advisory committee note to 2007 amendment ("The responsibility to redact filings rests with counsel and the party or nonparty making the filing."). Rather, the appropriate vehicle to conceal confidential information placed in the Court record is a motion for leave to seal. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Therefore, the Court construes Defendant's motion as a motion for leave to seal.

The Court's October 27, 2021 Memorandum and Order Regarding Sealing Confidential Information "enunciates the specific standards that must be met and the procedures that must be

followed in order to file anything in the Court record under seal." (DN 18, at PageID # 323.) In summarizing the relevant legal standard, the Court clarified that: (1) the proponent of sealing bears the burden of showing a serious injury that will result from disclosure; (2) the lack of any objection does not negate the burden; (3) a party cannot shift the onus to the Court to independently evaluate whether a seal is legally justified. (*Id.* at 323–24) (citations omitted). In setting forth procedures for seeking leave to seal, the Court provided that: (1) "redaction is considered by the Court to be the same as sealing information"; (2) a party seeking leave to file a document under seal "must file an appropriate motion" and "MUST comply with Local Rule 5.6"; and (3) failure to comply with the proper procedures "may result in the Court summarily denying the motion." (*Id.* at 324–25.) Defendant's motion completely disregards both the substantive and procedural guidelines set forth in the Memorandum and Order. Nonetheless, the Court has independently reviewed the information that Defendant seeks to redact from the exhibit at issue and finds no compelling reason for sealing. While privileged information is among the type that the Sixth Circuit has recognized as typically enough to justify sealing (i.e., trade secrets, privileged information, information that is confidential by statute), this is not *per se* a compelling reason for sealing. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Even information otherwise protected by privilege may not be sealed without a "showing that 'disclosure will work a clearly defined and serious injury.' " *Shane*, 825 F.3d at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Here, the communication Defendant seeks to redact quotes a passage from a forwarded email and enthusiastically (by use of five exclamation points) notes the email's author as acknowledging the quoted statement. (DN 44-3, at PageID # 789.) Less the enthusiasm, Defendant conveys the same message in the text of the underlying brief. (DN 44, at PageID # 774.) While Defendant may prefer that the communication be removed from the public record,

3

this is not a sufficient basis to restrict the public's right of access. Therefore, Defendant's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Unopposed Motion to Strike and Substitute (DN 45) is **DENIED**.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

April 21, 2022

cc: Counsel of record

4